ᴏᴜᴏ



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Hon. Z. D. Allen
District Attorney
Wichita Falls, Texas

Dear Sir:

                    Opinion No. C-1591
                    Re: 1. The methods of purchase, by
                           Wichita County, Texas, of legal
                           blanks, stationery, and similar
                           supplies for the use of the offi-
                           cers of the county.
                        2. The applicability of the emergen-
                           cy provisions of Article 1659, with
                           reference to such purchases.

          Your letter, requesting the opinion of this
department, pertaining to the above matters, has been
received.

          We shall first review the general statutes
touching the matter at hand.

          Article 1658, Revised Civil Statutes of Texas,
was originally enacted by the 29th Legislature, in 1905
(Acts 1905, page 384), under the title of "County Audi-
tors", and reads:

          "Bids shall be asked for all supplies
     of stationery, books, blanks, records, and
     other supplies for the various officers for
     which the county is required to pay, and
     the purchase made from the lowest bidder,
     after filing said bid with the auditor for
     record."

          It is observed that this statute is a legisla-
tive declaration requiring competitive bids on all pur-
chases by the county of the items described. The statute,
however, does not particularize as to the manner or means
of effecting such.

          Article 1659, Revised Civil Statutes of Texas,
was likewise originally enacted by the same Legislature,
under the same title, containing the emergency provision
allowing purchases by the county, without advertising for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Z. D. Allen, Page 2

competitive bids, when not in excess of $50.00.

This latter article was amended by the 37th Legislature in 1921 (Acts 1921, page 185), whereby the emergency provision now allows purchases by the county not in excess of $150.00, in cases of an emergency, without advertising for competitive bids.

Article 1659, supra, now reads:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

It is observed that Article 1659, supra, is a general statute, applying to supplies of every kind, purchased by the county, and providing for the manner of pur-

Hon. Z. D. Allen, Page 3

chases thereof by competitive bids, and providing for an emergency. Hence, in the absence of specific statutes applying to legal blanks, stationery and similar supplies, and providing for the manner of purchase thereof by competitive bids, this general statute would control the matter. The correct rule of statutory construction, in such cases, is stated in the opinion of Ex parte Townsend, 144 SW 628, 641, as follows:

> "It is also well established that, where one statute deals with a subject in comprehensive terms and another statute deals with a portion of the same subject in a more definite way, the two should be read together, if possible, with a view to giving effect to a consistent legislative policy. However, if there is any necessary conflict between two such laws, the special will prevail over the general statute. 'Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one, and, when the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by implication.' Cyc. 36, 1151; Rodgers vs. United States, 185 U. S. 83, 22 Sup. Ct. 582, 46 L. Ed. 816; Rosencrans vs. U. S., 165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708; Lazonby vs. Smithey, 151 Mo. App. 285, 131 S. W. 708."

There are, however, specific statutes relating to this subject, providing both for the purchase of such supplies by the Commissioners' Court itself, and also for the purchase of such supplies by the various officers of the county with the requirement that such must be approved by the Commissioners' Court.

We shall first discuss the statutes pertaining to purchases of such supplies by the Commissioners' Court itself.

In 1907 there was enacted by the 30th Legislature, what are now Articles 2358-2367, Revised Civil Statutes of Texas, inclusive (Acts 1907, page 252-254), under the title, "Commissioners' Court-Authorizing the purchase of Stationery, Etc., By". Articles 2358 and 2359, thereof, read as

Hon. Z. D. Allen, Page 4

follows:

"Art. 2358. The commissioners court by an order entered of record, may contract as hereinafter prescribed, with some suitable person or persons to supply the county with blank books, all legal blanks and stationery as may be required by law to be furnished the county officials.

"Art. 2359. The commissioners court shall advertise, at least once in every two years, for sealed proposals to furnish blank books, legal blanks, stationery and such other printing as may be required for the county for the term of such contract, and shall receive separate bids for the different classes hereinafter designated. Such advertisement shall be made by the county clerk, who shall notify by registered letter, each newspaper and job printing house in the county, and at least three stationery and pringing houses in the State, of the time said contract is to be awarded, and of the probable amount of supplies needed."

These statutes being specific enactments relating to blank books, all legal blanks, and stationery, the provisions thereof would control the method of purchase by the commissioners' court of such supplies, together with the method of securing competitive bids therefor.

Articles 2358-2367, inclusive, supra, do not however, contain emergency provisions as are found in Article 1659, supra. We then have the question as to whether or not the emergency provisions of Article 1659 would apply to purchases of such supplies by the commissioners' court of the county. It is manifest, that it was the legislative intention that Article 1659 was to apply to the purchases of supplies of every kind by the county, in the absence of specific statutes, dealing with portions of the same subject. As we have noted, Articles 2358-2367, inclusive, supra, deal with a portion of such subject as to the manner of purchase and of securing competitive bids. Such statutes, however, do not deal with such portion of the subject as to an emergency.

Hon. Z. D. Allen, Page 5

Hence, as to such, the general statute, Article 1659, supra, would apply, and the emergency provisions of Article 1659, would be applicable to purchases by the commissioners' court of the county of stationery, legal blanks, and like supplies.

We then have the question asked by you as to whether or not the immediate need of unavailable supplies by the county is an emergency, within the purview of Article 1659, supra, warranting a purchase of such supplies by the commissioners' court without complying with the requirement of the statutes pertaining to competitive bids. It is our opinion that such a situation is an emergency, within Article 1659, supra, but that the commissioners' court would be authorized, without complying with the requirements of Articles 2358-2367, inclusive, supra, to purchase only sufficient supplies to meet the emergency needs of the county, during the time necessarily involved in purchasing such supplies in accordance with the statutory requirements as to the method of purchase and as to the securing of competitive bids therefor.

We now turn to the statute authorizing the purchase of such supplies by the officers of the county, subject to the approval of the commissioners' court.

Article 3899b, Section 1, Vernon's Annotated Civil Statutes, reads as follows:

"There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said

Hon. Z. D. Allen, Page 6

Commissioners Court. Provided all purchases herein must be approved by Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

This statute contemplates the purchase of the items enumerated therein by the officers of the county as is shown by the requirement that all of such purchases must be approved by the Commissioners' Court. Furthermore, that all such purchases must be in accordance with the provisions of Article 1659, supra. Such statute, last mentioned, sets out the manner of effecting the competitive bid requirements, and also provides for an emergency. It is our opinion that the immediate need of unavailable supplies is an emergency, and that purchases of legal blanks, stationery, and similar supplies could be made without complying with the competitive bid requirements of Article 1659, supra, but that only sufficient supplies could be purchased in such manner as are necessary to meet the emergency need of the officer during the time necessarily involved in purchasing such supplies in accordance with the requirement of Article 1659 as to the manner of effecting the statutory competitive bid requirements.

In your letter you call our attention to Article 3899, Section (b), Vernon's Annotated Civil Statutes, which is applicable to Wichita County, a salary county. It is our opinion that this article does not create a new and a different method of purchase by the county, or its officers, of legal blanks, stationery and similar supplies. The statute does not treat specifically of legal blanks, stationery, and similar supplies as are specifically enumerated in Article 3899b, Section 1, supra. Nor does the statute make any provision for competitive bids and to construe it as permitting a county officer to purchase stationery, legal blanks and similar supplies, on a month to month basis, would abrogate the competitive bid statutes hereinabove noted. It is significant that Article 3899, Section (a), Vernon's Annotated Civil Statutes, specifically mentions stationery whereas Article 3899, Section (b), supra, does not do so.

You are therefore respectfully advised that it is the opinion of this Department that (1) the purchase of legal blanks, stationery and similar supplies by the commissioners' court of the county, itself, is controlled

Hon. Z. D. Allen, Page 7

by the provisions of Articles 2358-2367, inclusive, supra, as to the manner of such purchases and the manner of effecting competitive bids thereunder; and further that the emergency provisions of Article 1659 are applicable to purchases by the commissioners' court of such supplies; and (2) that the purchase of such supplies by the county officers is controlled by Article 3899b, Section 1, supra, requiring such purchases to be approved by the commissioners' court and to be made in conformity with the provisions of Article 1659, supra, and further, that the emergency provisions of Article 1659, supra, are applicable to such purchases by the officers of the county, subject to the approval of the commissioners' court. We further point out that it is our opinion that the emergency purchases allowable would be only in such amounts as would be necessary to meet the needs of the county, or of an individual officer, during the time necessarily involved in the purchase of such supplies in conformity with the statutory requirements. In no event could such emergency purchases exceed the sum of One Hundred and Fifty Dollars.

We trust this satisfactorily answers your questions, and we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. Fanning
Assistant

By _____
Zollie C. Steakley

ZCS:AW     APPROVEDNOV 7, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN